**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Cirilo MARTINEZ, Defendant–Appellant.**

No. 01–4113.

United States Court of Appeals, Sixth Circuit.

July 15, 2003.

Before NELSON, BOGGS, and COLE, Circuit Judges.

## OPINION

COLE, Circuit Judge.

Defendant–Appellant Cirilo Martinez appeals his conviction and sentence following a plea of guilty to conspiracy to distribute cocaine pursuant to a plea agreement in the district court. The district court accepted the plea agreement, and sentenced Martinez to a prison term of ninety-seven months. The plea agreement included in its factual basis that Martinez conspired to distribute an amount of cocaine greater than five kilograms, which, given his criminal history, would correspond to a sentence of at least twenty years pursuant to 21 U.S.C. §§ 841 and 846. Martinez now appeals on the ground that he was unaware that the Government would bear the burden at trial of demonstrating that he was responsible for at least five kilograms of cocaine, and therefore contends that his agreement to the plea was not voluntary or intelligent.

For the reasons that follow, we **AFFIRM** the judgment of the district court.

### I.

On February 14, 2001. Martinez was indicted by a grand jury on three counts: (1) conspiracy to distribute cocaine and to possess with intent to distribute cocaine; (2) distribution of cocaine; and (3) possession with intent to distribute cocaine.

On June 8, 2001, Martinez expressed to the district court his desire to enter a plea of guilty pursuant to a plea agreement reached with the United States. During this hearing, it became apparent that Mar-

tinez may not have been fully aware of certain aspects of the substance of the plea agreement, including the amount of drugs with which he was being charged. The district court decided to postpone the hearing to give Martinez an opportunity to confer with his attorney and have the plea more fully explained to him.

The district court held a second hearing on June 20, 2001. Martinez's defense attorney, Lawrence Turbow, the prosecutor, Robert Bulford, and the district court engaged in a discussion with Martinez to verify that he was fully aware of the substance of the plea agreement. During this colloquy, it became clear that Martinez still had some concerns over the amount of drugs involved in the case. The colloquy proceeded as follows:

> Turbow: Because of the amount of drugs involved in this case, you have—under the sentencing guidelines, you have a mandatory minimum of ten years if you go to trial and lose.... Because there's a prior conviction under the Sentencing Guidelines, that makes the mandatory minimum increase from ten years to 20 years.... Now the reason it is a mandatory minimum of ten years is because the amount of drugs involved is in excess of ten grams.
>
> Bulford: No, in excess of five kilograms.
>
> Turbow: In excess of five kilograms. And that's why. So it doesn't make any difference if it's five, six, or 25 or 45. Because it's in excess of that amount of drugs, that's why we're at where we are to begin with.
>
> Martinez: My question is how we came up with the five kilograms?
>
> Turbow: That's in the factual basis and we have gone over it. Okay. They claim you sold 1,162.35 grams of powder cocaine. You had also sold nine ounces of powder cocaine to Flowers

on another occasion. And down here Flowers purchased 1,162.35 grams of cocaine.

> Bulford: The most important fact is Flowers' information, and he will testify that from as early as late '98 through mid '99, that's at least six months, the defendant sold Flowers his usual, which was approximately nine ounces each time. So you add that up, you add the two kilograms that was seized when they executed the search warrants on January 18th and 19th and approximately 1.1 kilogram sold one time. Right there is five kilograms.
>
> Martinez: I didn't know how they came up with it.
>
> The Court: I know. I'm saying that normally would not be done here. If Mr. Martinez still does not agree to the amount of drugs and factual basis, I'm going to send him back again....

Just respond to me directly. If you have a problem, say, Judge, I have a problem, I don't understand. But don't say well, sometimes I understand things, sometimes I don't. I just want you to be clear to me....

Mr. Turbow, it sounds like to me he has never clearly accepted or understood how much drugs he's going to admit to being responsible for. It seems to me that's the problem he has. He's asking you now here in Court how do we come up with this amount of drugs, why is that in there? It seems to me he's still having a problem.

> Martinez: I just want you to know I was not going to plead not guilty. I was going ahead with the plea.
>
> The Court: I understand you're going to go with the plea but as the Judge, I can't just have you go with a plea. It's your plea. The question is do you

accept this as a plea agreement, something you agree to and you understand? It's your plea agreement.

Martinez: Now that he explained it, it's clearer.

The Court: You understand it?

Martinez: Yes. He said -

Turbow: Just answer yes or no.

Martinez: Yes, sir.

Later, the conversation regarding Martinez's awareness of the drug amount continued:

The Court: And here in your agreement with the government, if you do agree and I accept, it says at least five kilograms of cocaine was involved, right?

Martinez: Yes, sir.

The Court: Do you know that?

Martinez: Yes.

The Court: If it's at least five kilograms, then that triggers the ten year mandatory minimum, but with enhancement, you go to 20 years. Do you understand that?

Martinez: Because of the history.

The Court: Because of the prior conviction.

Martinez: Yes, sir.

The plea agreement, which Martinez had explained to him, read, and signed, stated that if the matter were to proceed to trial, the United States could prove beyond a reasonable doubt that on July 28, 1998, Martinez met with two others and "discussed the sale of 4 kilograms of cocaine," that on June 7, 2000, Martinez "sold 1,162.35 grams of powder cocaine to Brett A. Flowers," that "from as early as late 1998 through mid–1999, the defendant ... sold Flowers cocaine" in the amount of approximately nine ounces on each occasion, and that "on or about January 18–19, 2001, ... Martinez possessed approximately 100 pounds of marijuana and approximately 2 kilograms of powder cocaine."

Considering both his acceptance of responsibility and a downward departure for substantial assistance to the Government, the district court sentenced Martinez to ninety-seven months in prison, to be followed by a four-year term of supervised release.

The plea agreement also contained a waiver of appeal rights, which stated that Martinez waives any right to appeal the district court's entry of judgment. Martinez did, however, reserve the right to appeal sentencing guideline application issues. In the colloquy between the district court and Martinez at sentencing, the court cautioned Martinez that he was waiving his appeal rights as to everything except matters relating to the application of the guidelines. Martinez stated that he understood.

On appeal, Martinez contends that his guilty plea was not voluntary or intelligent because he was not informed that, should his case proceed to trial, the Government would have to prove the "five kilogram issue" beyond a reasonable doubt. That is to say, not only would the Government have the burden of establishing that Martinez conspired to distribute cocaine, but also that the amount of cocaine equaled or exceeded five kilograms.

## II.

Whether a defendant entered into a valid plea agreement and thus waived his right to appeal is an issue of law subject to de novo review. *United States v. Stubbs,* 279 F.3d 402, 411 (6th Cir.2002).

In order for a plea to be voluntary and knowing, the accused must have "a full understanding of what the plea connotes and of its consequences." *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709, 23

L.Ed.2d 274 (1969). A guilty plea is knowing and voluntary if the defendant understands the significance and consequences of a particular decision and the decision is uncoerced. *Godinez v. Moran,* 509 U.S. 389, 401 n. 12, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

The colloquy with the district court made clear that Martinez was aware that he was pleading guilty to conspiracy to distribute five kilograms or more of cocaine, and that he was waiving his appellate rights by agreeing to the plea. The transcript demonstrates that Martinez acknowledged his understanding. Moreover, to the extent that Martinez had previously expressed concern over the five-kilogram total, his questions spoke to the method of calculating the total drug amount, not the significance of the amount. There appears to be no legitimate basis for a finding that the plea agreement was not entered knowingly and voluntarily by Martinez based on a failure to understand the import of the amount of drugs with which he was charged.

Additionally, the district court complied with the requirements of Federal Rule of Criminal Procedure 11, insuring that Martinez was aware of, among other things, his right to plead not guilty, his right to a jury trial, the maximum possible penalty, the minimum penalty, and the waiver of certain rights. The claim that the district court's acceptance of the plea failed to comply with Rule 11 is without merit.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.